Concurring in Judgment and Opinion:
I believe that under the law as it currently exists, both the principal opinion and the trial court have correctly determined the issue in the case sub judice. Courts must specifically reserve jurisdiction in order to modify spousal support awards. See R.C. 3105.18. Thus, although indefinite spousal support awards are generally disfavored, courts may, in the exercise of their discretion, refuse to reserve jurisdiction to modify spousal support awards. Of course, parties may also voluntarily agree to bind themselves to a nonmodifiable spousal support award.
I am troubled, however, that courts do not inherently possess continuing jurisdiction to review spousal support awards, especially in light of unforeseen future events. Courts should, in my view, generally possess the authority to review and to modify spousal support awards, even if a court did not specifically and explicitly reserve jurisdiction to do so. Although a court may, in the exercise of its discretion, choose to reserve jurisdiction to modify a spousal support award, this requirement may simply be overlooked or may be unknowingly acceded to by an uninformed, and usually unrepresented, party. Additionally, as I point out above, sometimes unforeseen and unimagined events occur after the original spousal support award and change the landscape to such a degree that a specific award may no longer be equitable. I believe that the better practice would be to conclude that spousal support awards are modifiable if a movant can show a sufficient change in circumstances, unless, however, the decree or separation agreement specifically and explicitly states that the award is not modifiable under any circumstances.
Thus, I concur both in the judgment and the opinion herein. I believe, however, that this issue merits further scrutiny and review.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J. Concurs in Judgment and Opinion with Opinion.
Kline, J. Concurs in Judgment Only.